WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Howard Paul Greenawalt,<br>Plaintiff,<br><br>vs.<br><br>Sun City West Fire District, an Arizona Fire District; et al.,<br><br>Defendants. | No. CV 98-1408 PHX-ROS<br><br>**ORDER** |

On March 31, 2004, this Court entered an Order (Doc. #257) granting Defendant's Motion for Attorneys' Fees and Related Non-Taxable Expenses ("Motion"), filed on May 23, 2003 (Doc. # 234). The Court further stated that an opinion would follow. This is that opinion.

## BACKGROUND

This action arose out of the employment termination of Plaintiff firefighter, Howard Paul Greenawalt ("Plaintiff" or "Greenawalt") by Defendant Sun City West Fire District ("Defendant" or "Fire District"). The case proceeded to trial in April 2003 on two of Plaintiff's four claims:[1] (1) civil rights violation under 42 U.S.C. § 1983; and (2) breach of contract. The jury returned a verdict in favor of the Fire District on both claims, and the

---

[1] Plaintiff filed a four-count Complaint alleging violations of constitutional due process protection and civil rights under 42 U.S.C. § 1983, along with wrongful discharge and breach of contract claims.

Court entered Judgment on the jury's verdict on May 12, 2003. [Doc. # 230]. The Fire District filed its timely Motion for Award of Attorneys' Fees and Related Non-Taxable Expenses on May 23, 2003 (Doc. # 234), and filed its supporting brief on July 11, 2003 (Doc. # 243). Greenawalt filed his response on July 28, 2003 ("Response"). [Doc. # 246]. The Fire District filed its reply on August 15, 2003 ("Reply"). [Doc. # 252].

On August 21, 2003, Greenawalt filed his Motion to Strike Defendants' Reply Filed at Docket 252 (Re: Pending Motions for Attorneys' Fees) or, in the Alternative, for Leave to File a Surreply. [Doc. # 254]. The Fire District filed its response on September 5, 2003. [Doc. # 255]. Greenawalt's reply was filed on September 9, 2003. [Doc. #256].

## DISCUSSION

This Court has jurisdiction under 28 U.S.C. § 1331, federal question jurisdiction. The Fire District contends that because an implied-in-law contract serves as the basis for both of Greenawalt's claims — federal-based due process violation and state-based breach of contract — then A.R.S. § 12-341.01 authorizes an award for attorneys' fees for its defense against both claims. Greenawalt counters that the Court should not apply the Arizona statute to either the federal or state-based claim because the Arizona statute would only be applied to fill a gap in the federal remedial scheme. Greenawalt contends that application of Arizona's lower standard for awarding attorneys' fees would therefore frustrate federal policy, which limits an award of fees to a prevailing defendant to those cases where the action was frivolous, unreasonable or without foundation.

Courts apply federal law to claims arising under federal law, including determination of underlying attorneys' fees awards. Moses v. Phelps Dodge Corp., 826 F. Supp. 1234, 1235 (D. Ariz. 1993). Therefore, the Court will apply federal law to determine whether to award the Fire District its attorneys' fees incurred in defending against Greenawalt's federal due process claim. However, determining whether the federal or state standard governs a fee award for the state-based breach of contract claim is complicated where, as here, both the federal and state claims require much of the same factual proof.

Greenawalt raises the issue of whether the federal standard for awarding attorneys' fees preempts application of A.R.S. § 12-341.01 in the context of implied-in-law employment contracts. See, e.g., Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-422 (1978) (limiting an award of fees to a prevailing defendant to those cases where the action was frivolous, unreasonable, or without foundation). Greenawalt contends that the Court must also apply the higher federal standard to the Fire District's attorneys' fees connected with its defense of the state-based claim because that defense included factual questions common to both Greenawalt's federal and state claims — proof of a contractually-based property right.

Generally, state statutes allowing for recovery of attorneys' fees are substantive for Erie purposes. "In an action where a district court is exercising its subject matter jurisdiction over a state law claim, so long as 'state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.'" MRO Communications, Inc. v. AT&T Co., 197 F.3d 1276, 1281 (9th Cir. 1999) (citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 259 n.31(1975) (quoting 6 Moore's Federal Practice § 54.77[2] (2d ed.1974))); see 19 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 4511 (2d ed. 2003); see also Ackerman v. Western Elec. Co., Inc., 643 F. Supp. 836, 857 (N.D. Cal. 1986) (court sitting with supplemental jurisdiction over a handicapped employee's state claim of handicap discrimination under California's Fair Employment and Housing Act applied state substantive law to the employee's right to award of attorneys' fees).

Moses v. Phelps Dodge Corp., 826 F. Supp. 1234, 1236 (D. Ariz. 1993) addressed the specific question of whether the federal standard for awarding attorneys' fees applies to a request for fees under A.R.S. § 12-341.01 in the employment context.[2] There, an employee

---

[2] See also Nelson v. Pima Cmty. Coll., 83 F.3d 1075, 1083 ( 9th Cir. 1996) (district court did not abuse its discretion by granting those attorneys' fees which the judge found arose out of the contract aspects of the dispute; awarding $15,000.00 against a doctor pursuant to Arizona law providing for attorneys' fees awards in contract cases.)

- 3 -

claimed wrongful termination from her job in breach of her employment contract and in violation of both Arizona state law and Title VII of the Civil Rights Act of 1964. The court reasoned that "'A.R.S. § 12-341.01 is remedial in nature and such relief is equally available to those who successfully defend an action as to those who successfully seek affirmative relief.'" Id. (quoting Schwartz v. Farmers Ins. Co., 166 Ariz. 33, 38, 800 P.2d 20, 25 (Ct. App. 1990)). The court held that "to the extent that a claim in an employment case arises out of a contract and not out of federal or state civil rights law, it should be treated as any other contract claim, and attorney fees thereunder awarded pursuant to the standards generally applicable to such discretionary determinations." Id. The court then applied the Arizona statute only to the fees request for the state-based contract claim.

Therefore, the Court will apply the federal standard to the fees request for the Fire District's defense of Greenawalt's federal claim of due process violation under 42 U.S.C. § 1983 and will apply state law to the Fire District's fees request for its defense of the state-based breach of contract claim.

**I. Federal law applied to federal claim**

The standard under federal law for an award of attorneys' fees to a prevailing defendant is whether the action was "frivolous, unreasonable or without foundation." Thomas v. Bible, 983 F.2d 152, 155 (9th Cir. 1993) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978)). When a case has an obvious result or a party advances arguments wholly without merit, the case amounts to a frivolous action. Vernon v. City of Los Angeles, 27 F.3d 1385, 1402 (9th Cir. 1994). Here, the Fire District must meet this standard to show entitlement to fees in its defense of Greenawalt's due process claim.

Greenawalt's federal due process claim survived summary judgment when this Court denied the Fire District's motion for summary judgment on January 21, 2003. [Doc. # 188]. Moreover, on appeal the Ninth Circuit Court of Appeals determined that a factual dispute existed for trial. [Doc. # 121]. Even if not particularly strong, and even though not successful at trial on the merits, Greenawalt produced some evidence which was not frivolous,

unreasonable or without foundation that a jury could have reasonably found supported his claim that he was deprived, without due process, of a "for cause" employment contract property right.  Moreover, the Fire District presented no evidence of a frivolous, unreasonable, or unfounded action.  The Court does not find the action "frivolous, unreasonable or without foundation."  Accordingly, the Court denies the Fire District's request for a fees award for its defense of Greenawalt's federal due process claim.

**II. Application of Arizona law to the pendent State-based contract claim**

The Court considers whether to award the Fire District attorneys' fees for its defense of Greenawalt's state-based breach of contract claim.  Arizona law provides for a discretionary award of attorneys' fees to the prevailing party in a contract dispute. Associated Indemnity v. Warner, 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (Ariz. 1985) (A.R.S. § 12-341.01 vests discretion in trial court to award reasonable attorneys' fees to a successful contract litigant).

Courts should consider six factors in determining whether to make a discretionary fees award under Arizona law. Newbery Corp. v. Fireman's Fund Ins. Co., 95 F.3d 1392, 1405-06 (9th Cir. 1996). "The Arizona Supreme Court has outlined six factors which courts should use in determining whether to grant attorneys' fees and costs. Those factors are (1) whether the unsuccessful party's claim or defense was meritorious; (2) whether the litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving that result; (3) whether assessing fees against the unsuccessful party would cause an extreme hardship; (4) whether the successful party prevailed with respect to all the relief sought; (5) whether the legal question was novel and whether such claim or defense has previously been adjudicated in this jurisdiction; and (6) whether the award would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorneys' fees." Id. (citing Associated Indemnity, 143 Ariz. at 570, 694 P.2d at 1184).

Here, the parties do not dispute that the Fire District prevailed against all of Greenawalt's claims. This favors the Fire District. The parties' dispute centers on three of the remaining factors: (1) settlement; (2) the financial hardship on Greenawalt; and (3) any chilling effect on future meritorious litigation.

### A.  Settlement

The Fire District contends that this case should have settled without going to trial. Greenawalt counters that the Fire District designed its settlement strategy to deter other employees "from vindicating their respective rights." (Response at 12.) Greenawalt does not dispute that in the month prior to trial the Fire District made a substantial settlement offer ($70,000.00). Although it declined Greenawalt's counteroffer ($180,000.00), in hind sight, the Fire District was economically justified in doing so. Had Greenawalt accepted the Fire District's settlement offer, this matter could have avoided trial. The second Associated Indemnity factor, therefore, also favors the Fire District.

### B.  Extreme hardship

Greenawalt claims he will be unduly burdened by an award of the Fire District's request for $223,833.50 in attorneys' fees. The Fire District counters that Greenawalt has assets and the potential for lucrative employment enabling him to pay such an award and has demonstrated the ability to pay substantially lesser amounts.

Courts may consider the relative economic positions of the parties. Associated Indemnity, 143 Ariz. at 571, 694 P.2d at 1185 (trial court did not abuse its discretion where it could have inferred from the record that considering the relative economic positions of the parties, insured and insurer, that no attorneys' fees should be awarded to the insurer.). Here, Greenawalt's affidavit demonstrates financial hardship in that it asserts a negative net worth. The Fire District does not allege that Greenawalt's affidavit is not credible. The third Associated Indemnity factor favors Greenawalt.

**C.    Chilling effect**

Finally, Greenawalt contends that such a large award would have a chilling effect on future meritorious litigation. The Fire District counters that it seeks to "discourag[e] other disgruntled employees from believing that filing meritless and frivolous claims against the Fire District would result in a windfall." (Reply at 8.) In Associated Indemnity, 143 Ariz. at 570, 694 P.2d at 1184, the court stressed that courts should consider "whether the award in any particular case would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorney's fees." The Court recognizes that a large award of attorneys' fees against Plaintiff could inhibit potential plaintiff employees from filing tenable claims, particularly where civil rights claims and contract claims overlap. Defendant concedes that "employees and former employees of the Fire District communicate with each other regarding their claims or desired claims against the Fire District." [Motion, p. 8]. The sixth Associated Indemnity factor favors Greenawalt.

After considering the relevant factors, the Court determines that it may properly award attorneys' fees under A.R.S. § 12-341.01 for the Fire District's defense of the state-based breach of contract claim, so long as the amount awarded does not place an undue financial burden on Greenawalt or be of such a substantial amount as to create a chilling effect on future meritorious litigation. Moreover, the Court will not award any fees which might also be associated with the defense of the federal due process claim,[3] since this may have a tendency to chill future meritorious civil rights claims. Therefore, as in Moses, 826 F. Supp. at 1237, prudence dictates excluding any itemization where the Court cannot precisely determine the amount of the attorneys' fees incurred, or where a reasonable inference of overlap exists. Mindful of these principles, the Court turns to the amount of the award.

---

[3] For example, any defense of the Fire District's formal policies, practice or customs of notifying or providing hearings to its employees fall under the Fire District's defense of Greenawalt's federal due process claim. Likewise, so does any legal research or preparation of motions regarding the federal due process claim.

### III. Amount of award under federal and local rules incorporating the State factors

As discussed in great detail in Ackerman v. Western Elec. Co., Inc., 643 F. Supp. 836, 857-859 (N.D. Cal. 1986), under the Erie Doctrine, although state substantive law governs whether to award attorneys' fees, federal procedural law should govern the amount of the award. Therefore, the Court will apply federal law, as well as the Rules of Practice of the United States District Court, District of Arizona ("Local Rules"), to determine the amount of fees to award the Fire District for its defense against Greenawalt's state-based breach of contract claim.

Under federal law, courts must consider at least the most relevant of the following twelve factors in determining reasonable fees awards: (1) time and labor required, (2) novelty and difficulty of questions involved, (3) skill required to perform legal service properly, (4) preclusion of other employment by attorney due to acceptance of case, (5) customary fee, (6) whether fee is fixed or contingent, (7) time limitations imposed by client or circumstances, (8) amount involved and results obtained, (9) experience, reputation, and ability of attorneys, (10) undesirability of case, (11) nature and length of professional relationship with client, and (12) awards in similar cases. Fischel v. Equitable Life Assur. Soc'y, 307 F.3d 997, 1007 (9th Cir. 2002).

Local Rule 54.2(c)(3) (formerly Rule 2.20(c)(3)) also provides that the above listed twelve factors[4] bear on a reasonableness determination of a fees award. In addition, Local Rule 54.2(c)(3)(M) adds a thirteenth factor — "[a]ny other matters deemed appropriate under the circumstances." Under this thirteenth factor, the Court will also consider the state factors previously discussed.

Here, each party contends that the other party failed to comply with Local Rule 54.2. The detail of the Fire District's billing evidence satisfies the Court. The billing contains evidence from which the Court may determine the reasonableness of the award, and includes

---

[4] Under the Local Rules, the factors listed are "includ[ed], but not limited to," these factors.

- 8 -

detail sufficient to permit the Court to connect the item to the defense of the federal or state claim. Therefore, the Court finds that the Fire District's itemized statement of attorneys' fees complies with Local Rule 54.2(d) by including a statement of consultation and a recitation of an oral fee agreement, and further provides the bases for determining the reasonableness of the fees and time expended. Moreover, the Court finds that the Fire District's itemized statement of attorneys' fees complies with Local Rule 54.2(e) by stating the dates of service, the time devoted to each task, a service description, and attorney identification.

The Fire District's statement of legal research, however, does not comply with Local Rule 54.2(e)(2)(B), which states that "Time entries simply stating 'research' or 'legal research' are inadequate" and authorizes reduction of the award accordingly. Here, the Fire District's entries of "Westlaw computerized legal research" do not meet the detail requirement for legal research items. Moreover, because these entries do not identify the specific legal issue researched, the Court has no basis to connect the research to either the federal due process claim or the state breach of contract claim. Accordingly, the Court will exclude these fees.

With respect to the state factors previously discussed, the Court will exclude fees for work occurring prior to the Fire District's settlement offer prior to trial. The Court will exclude items where any reasonable inference of overlap exists between the federal and state claims. The Court will also exclude any summarized item not clearly spent in defense of the state-based breach of contract claim. Finally, the Court will exclude any attorneys' fees related to items already covered by the Rule 37(b)(2) sanctions awarded at trial.

After reviewing the Fire District's detailed statement of attorneys' fees, the Court finds that the Fire District incurred $3,000.00 in attorneys' fees strictly in defense of the state-based breach of contract claim and not incorporated under the Court's Rule 37(b)(2) sanction order. The Court holds this amount is reasonable under the federal and local rules. The Court further finds that this amount will neither create an extreme financial hardship on Greenawalt nor likely chill any future meritorious litigation.

**IV. Denial of Motion to Strike or File Surreply**

The Court does not agree with Greenawalt's contention that the Fire District raised new arguments in its Reply. Moreover, because the Ninth Circuit's opinion (Doc. # 121) never explicitly or implicitly addressed the attorneys' fees question, the doctrine of the law of the case does not apply. Winter v. U.S., 190 F. Supp.2d 1187, 1191 (D. Ariz. 2002) (the law of the case doctrine requires a district court to follow the appellate court's explicit resolution of issues of law, as well as those issues decided by necessary implication, in all subsequent proceedings in the same case). Therefore, the Court will deny Plaintiff's Motion to Strike Defendants' Reply Filed at Docket 252 (Re: Pending Motions for Attorneys' Fees) or, in the Alternative, for Leave to File a Surreply (Doc. # 254).

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Attorneys' Fees and Related Non-Taxable Expenses (Doc. # 234) is **GRANTED**. The Fire District will be awarded attorneys' fees in the amount of $3,000.00.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendants' Reply Filed at Docket 252 (Re: Pending Motions for Attorneys' Fees) or, in the Alternative, for Leave to File a Surreply (Doc. # 254) is **DENIED**.

DATED: June 10, 2006.

Roslyn O. Silver
United States District Judge