1  WO

2

3

4

5

6  IN THE UNITED STATES DISTRICT COURT

7  FOR THE DISTRICT OF ARIZONA

8

9  Howard Paul Greenawalt,                    )    No. CV 98-1408 PHX-ROS
                                              )
10           Plaintiff,                        )    **ORDER**
                                              )
11  vs.                                        )
                                              )
12                                             )
   Sun City West Fire District, an Arizona)
13  Fire District; et al.,                     )
                                              )
14           Defendants.                       )
                                              )
15  _____

16           On March 31, 2004, this Court entered an Order (Doc. #258) denying Plaintiff's

17  Motion to Reconsider Sanction Order Re Stokes' Disclosure ("Motion") (Doc. # 231), and

18  stating that a written opinion would follow.  This is that opinion.

19                              **BACKGROUND**

20           This action arose out of the employment termination of Plaintiff firefighter, Howard

21  Paul Greenawalt ("Plaintiff" or "Greenawalt") by Defendant Sun City West Fire District

22  ("Defendants" or "Fire District").  The case proceeded to trial on two of Plaintiff's four

23  claims:[1] (1) civil rights violation under 42 U.S.C. § 1983; and, (2) breach of contract.

24           This Court issued a Scheduling Order pursuant to Rule 16, Fed. R. Civ. P., on April

25  26, 2002. [Doc. # 132].  In accordance with the deadlines set by the Scheduling Order and

26  _____

27           [1] Plaintiff filed a four-count Complaint alleging violations of constitutional due
   process protection and civil rights under 42 U.S.C. § 1983, along with wrongful discharge
28  and breach of contract claims.

1 │ pursuant to Rule 26(b)(1), on June 10, 2002, Greenawalt timely disclosed its initial expert

2 │ witness report from Dr. Larry Stokes. On September 26, 2002, discovery concluded pursuant

3 │ to the Scheduling Order. On February 21, 2003, Greenawalt disclosed a supplemental report

4 │ from Dr. Stokes. Also that same day, the Fire District filed a Motion in Limine to preclude

5 │ Dr. Stokes's report. [Doc. # 189]. On March 10, 2003, Greenawalt responded to the Motion

6 │ in Limine. [Doc. # 190].

7 │ During the pre-trial conference on April 4, 2003, the Court heard arguments on the

8 │ Fire District's Motion in Limine to preclude the original Stokes report. The Court found that

9 │ differences existed between the original and supplemental Stokes reports (See Pre-trial

10 │ Conference Tr., April 4, 2003) and further found that Greenawalt had failed to timely

11 │ disclose the supplemental report, in violation of the Court's Scheduling Order. The Court

12 │ reserved judgment on the Motion in Limine until the Fire District had the opportunity to

13 │ review the supplemental report with its expert witness. Accordingly, pursuant to Rule

14 │ 37(b)(2), this Court sanctioned Greenawalt and his attorney, Kraig J. Marton, ruling that they

15 │ must pay the Fire District's reasonable expenses, including attorneys' fees, caused by the

16 │ untimely disclosure, for the following items: (1) the review of the Stokes supplemental report

17 │ by the Fire District's expert witness; (2) the Fire District's deposition of Dr. Stokes; and (3)

18 │ the deposition of the Fire District's expert witness. See Pre-trial Conference Tr., April 4,

19 │ 2003.

20 │ During the trial on April 16, 2003, the Court took up the issue of materiality of the

21 │ differences between the original and supplemental Stokes report and determined that material

22 │ differences existed between those reports. Marton admitted that he did not timely disclose

23 │ the Stokes supplemental report by the Scheduling Order deadline. See Trial Tr. April 16,

24 │ 2003 ("The supplemental report that was filed untimely, and I acknowledge that ..."). The

25 │ Court ordered the Fire District to provide an affidavit from its expert setting forth in detail

26 │ the significance of the supplemental report and the scope of the material differences. Id. The

27 │

28 │

1  Court further ordered the parties to take Dr. Stokes's testimony by video to permit the Court

2  to rule on the admissibility of the supplemental information. Id.

3  　　　　Finally, during the trial on April 22, 2003, the Court ordered that the Fire District's

4  expert witness could testify to rebut the Stokes supplemental report. Pursuant to the Court's

5  previous ruling that the untimely disclosure of the supplemental report violated the

6  Scheduling Order, the Court further sanctioned Greenawalt and Marton, ordering them to pay

7  the Fire District's reasonable expenses, including attorneys' fees, caused by their untimely

8  disclosure, for: (1) the trial testimony of the Fire District's expert witness; and, (2) the

9  preparation of the Fire District's Rule 26 expert witness report. See Trial Tr., April 22,

10  2003.

11  　　　　Plaintiff requested the Court to hear further argument pertaining to the sanctions

12  imposed against him and his counsel. The Court agreed to consider further written argument

13  from Plaintiff regarding the propriety of, and authority for the sanctions under Federal Rules

14  of Civil Procedure 26(e)(1) and (2), 26(g), 26(f), and 37(b) as well as the inherent powers of

15  the Court. The Court also requested a written response from the Fire District. Accordingly,

16  Plaintiff filed this Motion on May 13, 2003 (Doc. # 231) and the Fire District filed its

17  response on June 13, 2003 (Doc. # 239). On August 14, 2003, the Court granted Plaintiff's

18  motion for leave to file a memorandum supplementing facts regarding this Motion. [Doc.

19  # 250]. Plaintiff's Supplemental Memorandum, lodged on July 16, 2003, was thereby filed

20  on August 14, 2003. [Doc. # 251].

21  　　　　　　　　　　　　　　**DISCUSSION**

22  　　　　This Court has jurisdiction under 28 U.S.C. § 1331, federal question jurisdiction.

23  Greenawalt challenges the award of reasonable expenses, including attorneys' fees, for the

24  late disclosure of the Stokes supplemental expert witness report. Greenawalt relies on

25  Operating Engineers Pension Trust v. A-C Co., 859 F.2d 1336 (9th Cir. 1988) to support his

26  argument that sanctions should not be imposed in this case because this is not a "rare and

27  exceptional case where the action is clearly frivolous, legally unreasonable or without legal

28

1  foundation." Greenawalt's argument, however, misses the mark. As the Court clearly

2  articulated when imposing the sanctions, the Court imposed sanctions pursuant to Rule 37,

3  Fed. R. Civ. P., as opposed to sanctions under Rule 11.

4      The Court will therefore decide Plaintiff's Motion to Reconsider the sanction award

5  within the context of Fed. R. Civ. P. 37(b)(2), as predicated on violations of Rule 26(e) and

6  the failure to comply with the Court's Rule 16 Scheduling Order, incorporating deadlines set

7  pursuant to Rule 26(f). As a threshold matter, the Court considers Greenawalt's contention

8  that the sanctions violated his due process rights before turning to the issues of the propriety

9  of and the Court's authority for imposing the sanctions.

10  **I. Due Process protection afforded Plaintiff and Plaintiff's counsel**

11      Greenawalt and Marton contend that the Court denied them due process in sanctioning

12  them without notice or an opportunity to be heard. This contention ignores the fact that in

13  addition to the notifying language contained in Rules 16[2] and 37,[3] the Scheduling Order

14  cautioned the parties and counsel that sanctions would issue for violation of the discovery

15  deadlines imposed by the Order. [Doc. # 132]. It also fails to account for the numerous

16  opportunities the Court afforded Plaintiff to justify the untimely supplemental report, or

17  prove its harmlessness, prior to imposing the sanctions. See Pre-trial conference Tr., April

18  4, 2003; Trial Trs. April 16 and 22, 2003.

19      For example, the Court heard argument on this matter at the pre-trial conference

20  where Plaintiff could have withdrawn the untimely supplemental report to avoid the

21  sanctions if he could not justify the late disclosure. See Tr. Pre-trial conference April 4,

22  2003. The Court again took up this issue during trial where Plaintiff could have chosen to

23  withdrawn the untimely supplemental report to avoid the sanctions, or could have at least

24  _____

25      [2] Fed. R. Civ. P. 16(f) expressly provides that, "upon motion or the judge's own

26  initiative," the Court may order sanctions "provided in Rule 37(b)(2)(B), (C), (D)" where "a party or party's attorney fails to obey a scheduling or pretrial order. ..."

27      [3] Fed. R. Civ. P. 37(b)(2) expressly authorizes sanctions for a party's failure "to obey

28  an order entered under Rule 26(f) ... ."

1  chosen to receive only an affidavit (in lieu of a full expert witness report) from the Fire

2  District's rebuttal expert witness to mitigate the sanction expenses. See Trial Tr. April 22,

3  2003.

4  Furthermore, by granting Greenawalt and Marton the opportunity to file this Motion,

5  the Court further protected their due process rights. Paladin Assocs., Inc. v. Montana Power

6  Co., 328 F.3d 1145, 1164-65 (9th Cir. 2003) (Plaintiff provided due process protection in the

7  context of Rule 37 discovery sanctions in that plaintiff received notice of the possibility of

8  sanctions when defendant filed motion for costs and the court provided an opportunity to be

9  heard by allowing plaintiff to submit a responsive brief.).

10  **II.  Failure to comply with Scheduling Order sanctionable under Rule 37**

11  "Rule 37(b) of the Federal Rules of Civil Procedure provides a wide range of

12  sanctions for a party's failure to comply with court discovery orders." U.S. v. Sumitomo

13  Marine & Fire Ins. Co., Ltd., 617 F.2d 1365, 1369 (9th Cir. 1980).  As the least severe of the

14  available sanctions, the district court may require "the delinquent party or his attorney to pay

15  the reasonable expenses, including attorney's fees, incurred by the innocent party as a result

16  of the failure to obey the order." Id.  Rule 37(b)(2) expressly authorizes sanctions[4] for a

17  party's failure "to obey an order entered under Rule 26(f)," unless "the court finds that the

18  failure was substantially justified or that other circumstances make an award of expenses

19  unjust. See Fed. R. Civ. P. 26(f), 37(b)(2).  Moreover, under Fed. R. Civ. P. 16(f), "upon

20  motion or the judge's own initiative," the Court may order sanctions "provided in Rule

21  37(b)(2)(B), (C), (D)" where "a party or party's attorney fails to obey a scheduling or pretrial

22  order. ..."  Furthermore, under the Federal Rules of Civil Procedure, parties cannot take it

23  upon themselves to make untimely disclosures after court ordered discovery deadlines. Rule

24

25  _____

26  [4]Among the sanctions authorized under Rule 37(b)(2) are: preclusion order, striking
a pleading, staying the proceeding, dismissal, default judgment, contempt, and charging a
27  party, his attorney, or both with the expenses, including attorneys' fees, caused by
noncompliance. The references in Rule 37(b)(2) are not exhaustive.

28

1    37(b)(2) sanctions were designed to curb this type of disregard of court discovery orders.

2    Sumitomo Marine, 617 F.2d at 1370.  To avoid sanctions under Rule 37(b)(2), parties must

3    request and obtain leave of court before making untimely disclosures.

4              Here, pursuant to Rule 16, this Court entered a Scheduling Order incorporating the

5    discovery deadlines set pursuant to Rule 26(f).  [Doc. # 132].  The Court amended the

6    Scheduling Order to incorporate the parties' stipulation of a September 26, 2002 discovery

7    deadline pursuant to Rule 26(f).  [Doc. # 146].  Indeed, Marton admits that the Stokes

8    supplemental report was not timely disclosed by the September 26, 2002 discovery deadline.

9    (See Trial Tr. April 16, 2003 "The supplemental report that was filed untimely, and I

10   acknowledge that ...").  In fact, Marton prefaced that admission by acknowledging the

11   Court's sanctions.  Id.  ("I have incurred an incredible amount of personal expense ... (by

12   being) personally sanctioned, but that's all right.").

13             Federal Rule of Civil Procedure 26(e)(1) requires a party to supplement its

14   disclosures "if the party learns that in some material respect the information disclosed is

15   incomplete or incorrect and if the additional or corrective information has not otherwise been

16   made known to the other parties during the discovery process or in writing." This duty to

17   timely supplement helps avoid the burden of responding to unexpected and last-minute

18   changes in an opponent's expert testimony and "promotes the broader purpose of discovery,

19   which is 'the narrowing of issues and the elimination of surprise.'"  Sheek v. Asia Badger,

20   Inc., 235 F.3d 687, 693-94 (1st Cir. 2000) (quoting Johnson v. H.K. Webster, Inc., 775 F.2d

21   1, 7 (1st Cir. 1985)).  Rule 26 embraces  the goals of open and fair discovery.  Id.

22             Because Rule 37(b)(2) authorizes sanctions for the failure to obey orders entered

23   under Rule 26(f), this Court has discretion to levy such sanctions for Greenawalt's failure to

24   comply with the Scheduling Order.  Unless Greenawalt can substantially justify the late

25   disclosure, or prove its harmlessness to the Fire District, the Court may properly impose

26   sanctions against Greenawalt and Marton under Rule 37(b)(2).

27

28

**A.      Justification or Harmlessness of the Untimely Supplemental Disclosure**

Greenawalt contends that the supplemental report merely updated the original report, in a presumably harmless manner.  The Fire District counters that the supplemental report contained numerous material differences from the original report, which would have left its defense unprepared at trial.  Greenawalt has the burden of proof.  He must either substantially justify the untimely disclosure, or prove its harmlessness to avoid sanctions under Rule 37(b)(2). Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001) (The burden is on the party facing sanctions to either justify the untimely disclosure or prove its harmlessness).  Moreover, it does not matter whether Greenawalt willfully violated the Scheduling Order.  See David v. Hooker, Ltd., 560 F.2d 412, 419 (9th Cir. 1977) (Willfulness is not a necessary element for imposing reasonable expenses and attorneys' fees for the failure to comply with a discovery order).

In his Motion, Greenawalt contends that E.E.O.C. v. Ian Schrager Hotels, Inc., 2000 WL 307470 (C.D. Cal. 2000) and In re Hanford Nuclear Reservation Litigation, 292 F.3d 1124 (9th Cir. 2002) provide authority to make the untimely disclosure.  In Ian Schrager, the E.E.O.C. filed a motion for leave to file its supplemental report, which Greenawalt failed to do here.  Thus, Ian Schrager is inapposite.

In Hanford, the Ninth Circuit considered whether the district court erred in requiring plaintiffs to prove that exposure to radiation doubled the risks of illness, where the case had been split to require plaintiffs to first prove generic causation prior to allowing plaintiffs to prove individual causation.  In reversing the district court's holding, the Court reasoned that plaintiffs had no notice of the application of the higher "doubled dose" test (suitable for establishing individual causation) during the first phase of discovery for generic causation. The Ninth Circuit suggested that because plaintiff's expert witness reports only reflected the lower standard, on remand the district court hold a hearing to provide plaintiffs with the opportunity to respond to defendants' expert opinions, which included testimony pertaining

1    to the higher standard. To facilitate such a hearing, the court noted that the plaintiffs should

2    be allowed to supplement their expert witness report.

3         Here, in contrast to Hanford, the Fire District did not place Greenawalt in a position

4    that required the supplementation. Greenawalt's decision to supplement the Stokes report

5    just weeks before trial was his own. Moreover, the discovery positions of the parties here

6    are the opposite of those found in Hanford. The Fire District was required to produce expert

7    witness testimony at the eleventh hour to rebut the supplemental Stokes report. By allowing

8    the Fire District's expert testimony to rebut the supplemental report, the Court avoided

9    placing the Fire District in the Hanford Nuclear situation (lack of an opportunity to rebut a

10   broader scope of expert witness testimony).    Therefore, Hanford does not support

11   Greenawalt's untimely disclosure.

12        Greenawalt's untimely disclosure was not harmless. The untimely supplemental report

13   suggested material differences from the original report. As discussed during the pre-trial

14   conference and again at trial, the supplemental report contained new methods of calculating

15   the damages and used different bases and statistics. For example, the U.S. Department of

16   Labor Bureau of Labor Statistics provided the data source for the annual earnings in the

17   supplemental report, whereas the initial report used U.S. Department of Commerce data. In

18   another example, the supplemental report computed retirement and pension benefits

19   differently than the initial report.

20        These differences surprised the Fire District, entitling it to seek preclusion of Dr.

21   Stokes's testimony or the opportunity to rebut it. These differences would have harmed the

22   Fire District if it had no opportunity to prepare rebuttal evidence. By allowing the

23   supplemental report, the differences still harmed the Fire District by forcing it to conduct

24   discovery during trial. However, allowing the Fire District to gather evidence to rebut the

25   supplemental report at the expense of Plaintiff and his attorney mitigated this harm.

26   Therefore, Plaintiff's untimely disclosure of the Stokes supplemental report was neither

27   substantially justified nor harmless to the Fire District.

28

1    **B.     Only Reasonable Expenses Allowed Under Rule 37**

2    Rule 37(b) only provides for "reasonable expenses" incurred related to the violation.

3    Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1385-86 (9th Cir. 1988) (quoting Liew

4    v. Breen, 640 F.2d 1046, 1051 (9th Cir. 1981)) (expenses incurred, such as "attorney-time

5    before and during" a sanction hearing, are not provided for within the context of Rule 37(b)).

6    Moreover, here, the Court expressly required the Fire District to mitigate its sanction-related

7    expenses. See Trial Tr., April 22, 2003.

8    Before awarding an amount, the Court requires evidence in the record to indicate that

9    the expenses claimed were reasonable. Toth, 862 F.2d at 1386.  The expenses must also

10   relate to items caused by the untimely disclosure that this Court stated it would allow.  See

11   Pre-trial Conference Tr., April 4, 2003; Trial Trs., April 16 and 22, 2003.  Here, although

12   Greenawalt provided supplemental facts indicating that the Fire District incurred expenses

13   in the amount of $9,224.09 for its expert witness, the Fire District has not filed an itemized

14   bill of such expenses, including attorneys' fees.[5]

15   Therefore, on the record before it, the Court has no way to ascertain the

16   reasonableness of a sanction award, especially with respect to the Fire District's attorneys'

17   fees. Moreover, should the Court award attorneys' fees in this case, the Fire District cannot

18   recover the same fees twice.  The Fire District must provide this Court with evidence

19   demonstrating the amount of reasonable expenses it incurred related to the untimely

20   disclosure of the Stokes supplemental report as this Court has stated would be allowed.

21   **CONCLUSION**

22   Plaintiff's Motion to Reconsider Sanction Order Re Stokes' Disclosure will be denied.

23   Moreover, Plaintiff has not established any basis for the Court to alter its bench rulings that

24   pursuant to Rule 37(b)(2), Greenawalt and Marton must pay the Fire District's reasonable

25   _____

26   [5] The Fire District's subsequent motion for attorneys' fees suggests attorneys' fees
     in an amount of $15,126.50 in reference to the items pertaining to the untimely disclosure.
27   However, this bill does not break down the entries specifically to the sanctioned items.  Nor
28   does this bill establish a basis for the reasonableness of the attorneys' fees.

1   expenses, including attorneys' fees, caused by Plaintiff's untimely disclosure of the Stokes

2   supplemental report.  As previously stated on the record, this includes: (1) the review of the

3   Stokes supplemental report by the Fire District's expert witness; (2) the deposition of Dr.

4   Stokes; (3) the Fire District's expert witness deposition; (4) the Fire District's expert witness

5   trial testimony; and, (5) preparation of the Fire District's expert witness report. Furthermore,

6   to enable it to establish the amount of the award, the Court will order the Fire District to

7   provide this Court with evidence demonstrating the amount of such reasonable expenses and

8   Greenawalt may respond with written argument and objection to that evidence.

9          Accordingly,

10          **IT IS ORDERED** that Plaintiff's Motion to Reconsider Sanction Order Re Stokes'

11   Disclosure (Doc. # 231) is **DENIED**.

12          **IT IS FURTHER ORDERED** that the Fire District shall file a statement

13   demonstrating the amount of reasonable expenses incurred related to the untimely disclosure

14   of the Stokes supplemental report by _6/21/06_____. Plaintiff may respond

15   with written argument and objection to that evidence by ___6/28/06_____.

16

17          DATED: _June 10_____, 2006.

18

19

20

21          _____
            Roslyn O. Silver
22          United States District Judge

23

24

25

26

27

28